UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | CIVIL ACTION NO. _____ |
| Plaintiff, | |
| - against – | DECLARATORY JUDGMENT COMPLAINT |
| CDC HOUSING, INC. and CUN TAI ZHENG | ECF CASE |
| Defendants. | |

United Specialty Insurance Company ("United"), by and through its attorneys, Marshall

Conway & Bradley, P.C., as and for its declaratory judgment complaint alleges, upon knowledge

with respect to itself and its own acts and upon information and belief as to all other matters, as

follows:

## NATURE OF THE CASE

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201

concerning the Defendants' claims for insurance coverage under an insurance policy issued

by United relating to a lawsuit captioned *Cun Tai Zheng v. 1752 Second Avenue LLC, Salon*

*Realty Corp., and CDC Housing, Inc.*, Supreme Court of the State of New York, County of

Queens, Index No. 12857/2015 (the "Underlying Suit" or the "*Zheng* Action") initiated by

Cun Tai Zheng with respect to injuries he allegedly sustained in a construction accident.

2.      Defendant CDC Housing, Inc. ("CDC") demanded that United defend and

indemnify it with respect to the Underlying Suit under a certain policy of insurance issued by

United.

1

3.      United agreed to defend CDC in the Underlying Suit under a Partial Declination, and continues to so defend CDC.

4.      United files this lawsuit in order to obtain a declaration that it has no obligation to defend or indemnify CDC Housing, Inc. with respect to the Underlying Suit.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because this action arises between citizens of different states and meets the jurisdictional requirement for the amount in controversy.

6.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue in this District is proper under 28 U.S.C. § 1391(c)(1) because the defendant CDC maintains its principal office in this District and is subject to personal jurisdiction in this District.

## PARTIES

8.      Plaintiff, United Specialty Insurance Company ("United"), is a corporation authorized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

9.      At all relevant times, Defendant CDC was and is a New York corporation with its principal executive office located at 358 Broome Street, #31, New York, New York 10013.

10.     At all relevant times, Cun Tai Zheng was and is a resident of the State of New York, County of Queens.

2

**FACTUAL BACKGROUND**

11.     United issued Commercial Lines Policy Number USA 4044942 for the policy period April 19, 2014 to April 19, 2015 (hereinafter, the "Policy") to CDC Housing, Inc. (*See*, **Policy # USA 4044942, annexed hereto as Exhibit "A".**)

12.     In relevant part, the Policy provided Commercial General Liability coverage to CDC with a $1,000,000 per occurrence limit.

13.     The United Policy includes the following "Bodily Injury to Independent Contractors" exclusion:

**EXCLUSION – BODILY INJURY TO INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Section I – Coverages, Coverage A, Bodily Injury and Property Damage Liability, paragraph 2., Exclusions:

This insurance does not apply to:

**Independent Contractors**

"Bodily injury: to:

(1)     Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured;

…

This exclusion applies:

(1)     Whether the named insured may be liable as an employer or in any other capacity; and

(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

14.     On or about October 26, 2015, Cun Tai Zheng commenced a lawsuit entitled

*Cun Tai Zheng v. 1752 Second Avenue LLC, Salon Realty Corp., and CDC Housing, Inc.*,

3

Supreme Court of the State of New York, County of Queens, Index No. 12857/2015, alleging injuries resulting from a failure to properly maintain a worksite and worksite equipment. **(A copy of the Complaint in the Underlying Action is annexed hereto as Exhibit "B".)**

15.     On or about November 3, 2015, United received a copy of the *Zheng* Complaint.

16.     On or about November 16, 2015, United sent CDC a Partial Declination advising that it would defend CDC under said Partial Declination. **(A copy of the November 16, 2015 letter is annexed hereto as Exhibit "C".)**

17.     United assigned counsel to defend CDC in the *Zheng* Action.

18.     At the time of the alleged accident that is the subject of the *Zheng* Action, Mr. Zheng was an employee of Yep Group, Inc. ("Yep").

19.     On or about December 1, 2014, CDC contracted with Salon Realty Corp. for a Renovation Project at a property located at 1752 2 Ave, Apt 4S, New York, NY (the "Renovation Project"). **(A copy of the December 1, 2014 Contract is annexed hereto as Exhibit "D".)**

20.     The scope of work on the Renovation Project included "Clean up and Remove wall work," "Tile and marble work," "Floor work," "Carpentry work," "Dry wall," and "Patch and paint Work."

21.     On or about April 3, 2015, CDC contracted with Yep Group, Inc. to perform work in connection with the Renovation Project. **(A copy of the April 3, 2015 Contract is annexed hereto as Exhibit "E".)**

22.     Yep performed the work on the Renovation Project without guidance,

assistance or oversight by CDC or its employees.

23.     Neither CDC nor its employees were present at 1752 2 Ave, Apt 4S, New York, NY, while Yep performed its work in connection with the Renovation Project.

24.     United begs leave to refer to the full terms, conditions, provisions endorsements and exclusions of the United Policy at the time of trial.

25.     An actual controversy exists between the parties as to their rights and obligations under the United Policy.

26.     Circumstances exist that justify a determination by this Court, pursuant to 28 U.S.C. 2201, of the rights and obligations of the parties under the United Policy, and that determination will be beneficial to both plaintiff and defendants.

27.     United has no adequate remedy at law.

## FIRST CAUSE OF ACTION

28.     United repeats, reiterates, and re-alleges all allegations of the Complaint as if fully set forth herein.

29.     CDC contracted with Salon Realty to perform work referred to herein as the "Renovation Project."

30.     CDC contracted with Yep Group, Inc. to perform certain work necessary to complete the Renovation Project, without assistance from CDC employees.

31.     Cun Tai Zheng was an employee of Yep at the time of the accident alleged in the Underlying Action.

32.     CDC employees were not present at the Renovation Project worksite while

Yep was performing the work necessary to complete the Renovation Project.

33.     Yep Group, Inc. is an independent contractor which agreed to perform certain work necessary to complete the Renovation Project for the lump sum of $34,000.

34.     The United Policy contains the "Bodily Injury to Independent Contractors" exclusion which precludes coverage for "bodily injury" to independent contractors, and/or the employees of independent contractors.

35.     By operation of the aforementioned Exclusion, United is entitled to a declaratory judgment that CDC is not entitled to defense or indemnification in the *Zheng* Action under the United Policy.

**WHEREFORE**, United respectfully requests that this Court issue a declaratory judgment that :

a.     CDC Housing, Inc. is not entitled to defense or indemnification in the *Zheng* Action under the United Policy;

b.     United has no duty to defend or indemnify CDC Housing, Inc. in the *Zheng* Action;

6

## JURY DEMAND

United demands trial by jury of all issues so triable in this cause.

Dated: January 19th, 2016
       New York, New York

                                 *Christr T Bradley*
                              MARSHALL CONWAY & BRADLEY, P.C.
                              By: Christopher T. Bradley (CTB4725)
                              45 Broadway, Suite 740
                              New York, New York 10006
                              (212) 619-4444


                              Attorneys for Plaintiff
                              United Specialty Insurance Company